IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JONATHAN RASHAD ROSS                                                                           PLAINTIFF

VS.                                                                      CIVIL ACTION NO. 3:10cv296-FKB

ERIC SCOTT AND TANAKA PETTIS                                                            DEFENDANTS

ORDER

Plaintiff, a state inmate, brought this action pursuant to 42 U.S. § 1983 alleging claims of excessive force arising out of an incident which occurred while he was a pretrial detainee at the Hinds County Detention Center (HCDC). A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned. Presently before the Court is Defendants' motion for summary judgment.[2] For the reasons state herein, the Court concludes that the motion should be denied.

Plaintiff's allegations, as set forth in his complaint, are as follows. On March 6, 2010, Defendant Tanaka Pettis, an officer at HCDC, conducted a search of Plaintiff's cell. During the search, Plaintiff objected to the handling of his religious materials, and Officer Pettis directed him to exit the zone. When Plaintiff began to leave, Defendant Eric Scott, also an HCDC officer, stopped Plaintiff and told him to button up his jumpsuit. Plaintiff complied with this order. At some point, however, Officer Scott sprayed Plaintiff in the face with mace. When some of the mace splashed into Officer Scott's face, Officer Scott left the scene briefly. Officer Pettis then hit Plaintiff in the face with a closed fist. Once

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2]Plaintiff has not responded to the motion.

Plaintiff and Officer Pettis had exited the housing pod, Plaintiff ran toward the medical unit.  Defendants followed him and took him into the back area of the medical unit.  They then proceeded to assault him.  Specifically, Plaintiff alleges that both officers struck him numerous times and that when he fell to the ground, Officer Scott stamped Plaintiff with his foot.  The officers then handcuffed Plaintiff, but Officer Pettis continued to strike Plaintiff in the head and face with a closed fist until the nurse arrived.

Defendants vehemently deny Plaintiff's version of the events and request that this Court enter summary judgment in their favor.  In support of their version of the events at issue, Defendants have attached an HCDC incident report prepared by Defendant Scott and use-of-force reports prepared from Officer Scott's and Officer Pettis's descriptions of the incident.  These reports suggest that the force used was necessary and reasonable under the circumstances.

The Court concludes that Defendants have failed to establish the absence of a genuine issue of material fact.  Defendants' documents do no more than contradict Plaintiff's own sworn statements as to what occurred.[3]  Furthermore, the reports relied upon by Defendants do not constitute competent summary judgment evidence.  First, they are accompanied by no affidavit authenticating them.  *See* 10A Charles Alan Wright,

---

[3]Plaintiff's complaint is set forth on the standard form used in this district for § 1983 claims by prisoners and is signed under penalty of perjury.  In the portion of the form provided for the statement of the claim, Plaintiff has incorporated by reference a two-page handwritten document attached at the end of the form.  It is in these two additional pages that Plaintiff sets forth the details of the events upon which his claim is based.  While the two pages are not separately signed and sworn, the fact that Plaintiff has incorporated them into his verified complaint is sufficient for them to qualify as part of his statement made under penalty of perjury.

et al., *Federal Practice and Procedure* § 2722, at 382-84 (3d ed. 1998) (to be admissible at the summary judgment stage, "documents must be authenticated by and attached to an affidavit that meets the requirements of [Rule 56(c)] and the affiant must be a person through whom the exhibits could be admitted into evidence"). Additionally, the relevant portions of the reports constitute inadmissible hearsay. *See Davis v. Schmidt*, 57 F.R.D. 37, 39 (W.D. Wis. 1973) (reports by prison guards regarding incidents in which the guards were potentially liable were not of sufficient reliability to qualify for business records exception to hearsay rule).

For these reasons, the Court concludes that Defendants have not established their entitlement to judgment as a matter of law. Defendants' motion for summary judgment is hereby denied.

So ordered, this the 19th day of March, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE